ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 17 2009
CLERK, U.S. DISTRICT COURT
By ______ Deputy

| | | |
|---|---|---|
| **FRED MOORE AND TANYA MOORE, INDIVIDUALLY AND AS NEXT FRIENDS OF AJAH MOORE, A MINOR AND JAYLA MOORE, A MINOR; AND KARMEN SHAVER, INDIVIDUALLY AND AS NEXT FRIEND OF AREANA COLBERT, A MINOR** **Plaintiffs,** | § | **3-09CV0710-K** |
| **vs.** | § | **CAUSE NO.** 30548 |
| **CITY OF DESOTO, ERIN BLUST, STEVE THOMAS, JOHN BATTLE, DUSTIN MUNN, ROBERT PENWARDEN, WARREN TILLMAN, AND LIONHEART INVESTMENTS GROUP, INC. D/B/A PAPA JOHN'S PIZZA # 1823** **Defendants.** | § | |

**NOTICE OF REMOVAL OF ACTION**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant City of Desoto removes to this Court the state court action described below:

1. Originally, Plaintiffs filed this action in the 134th Judicial District Court of Dallas County, Texas (hereinafter referred to as the "State Court"), styled *Fred Moore and Tayna Moore, Individually and as Next Friends of Ajah Moore, a minor, and Jayla Moore, a minor; and Karen Shaver, Individually and as Next Friend of Areana Colbert, a minor, v. City of Desoto, Erin Blust, Steve Thomas, John Battle, Dustin Munn, Robert Penwarden, Warren Tillman, and Lionheart Investments Group, Inc. d/b/a Papa John's Pizza #1823*, Cause

ORIGINAL

No. 09-02899, as more fully described in Plaintiffs' Original Petition with Discovery (hereinafter referred to as "Plaintiffs' Petition").

2. Defendant City of DeSoto was served with the lawsuit on March 20, 2009, and timely filed its answer in the State Court on or about April 10, 2009, denying Plaintiffs' allegations.

3. Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

4. Said cause is currently pending in the 134th Judicial District Court of Dallas County, Texas.

5. Pursuant to Local Rule 81.1, a certified copy of the State District Court Docket Sheet and each document filed in the State Court action, except discovery material, individually tabbed and arranged in chronological order according to the State Court file date are attached hereto as Exhibit "A" and incorporated herein.

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under a constitutional question and a statutory avenue for such constitutional claims, in that Plaintiffs have attempted to state a claim under 42 U.S.C. § 1983.

6. Contemporaneous with the filing of this Notice of Removal, Defendant has given the 134th Judicial District Court of Dallas County, Texas written notice of this removal.

7. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

8. Defendant provides the following additional information regarding counsel of record:

Paul G. Vick
Law Offices of Paul G. Vick
Financial Center Northwest
5243 IH West, Ste. 860
San Antonio, TX 78201

Hutton W. Sentell
Law Offices of Joseph E. Ashmore, P.C.
3636 Maple Avenue
Dallas, TX 75219
**Attorneys for Plaintiffs**

Gerald Bright (Attorney-in-charge)
David Craft
Walker Bright, PC
5910 N. Central Expressway, Suite 980
Dallas, Texas 75206
(214) 692-6530
**Attorneys for Defendant City of DeSoto**

Mark A. Goodman
Ifeyinwa J. Ossai
David, Goodman & Madole, P.C.
**Counsel for Defendant Lionheart Investments Group, Inc. d/b/a Papa John's Pizza # 1823**

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this action be removed to this Court, and pray for such other and further relief as Defendant may show itself justly entitled.

Respectfully submitted,

WALKER BRIGHT, PC
5910 N. Central Expressway, Suite 980
Dallas, Texas 75206
Telephone : (214) 692-6530
Facsimile : (214) 692-7821

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522

**Attorneys for Defendant City of DeSoto**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Notice of Removal has been sent to opposing counsel and/or the persons listed below by certified mail, return receipt requested and/or regular First Class U.S. Mail, as reflected below, on this the 17th day of April, 2009.

Paul G. Vick
Law Offices of Paul G. Vick
Financial Center Northwest
5243 IH West, Ste. 860
San Antonio, TX 78201
**Attorney for Plaintiff**

***VIA CMRRR # 7007 2560 0002 7943 8217***

Hutton W. Sentell
Law Offices of Joseph E. Ashmore, P.C.
3636 Maple Avenue
Dallas, TX 75219
**Attorney for Plaintiff**

***VIA CMRRR # 7007 2560 0002 7943 8224***

Mark A. Goodman
Ifeyinwa J. Ossai
David, Goodman & Madole, P.C.
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
**Attorneys for Defendant Lionheart Investments Group, Inc.**

***VIA CMRRR # 7007 2560 0002 7943 8200***

Gerald Bright/David Craft

## EXHIBIT A

## TABLE OF CONTENTS


| | Document | Filing Date |
|---|---|---|
| 1. | Certified Copy of Judge's Docket Sheet | |
| 2. | Plaintiff's Original Petition with Discovery | 3/9/2009 |
| 3. | Citation for the City of Desoto | 3/20/2009 |
| 4. | Citation for Lionheart Investments, Inc. | 3/23/2009 |
| 5. | Defendant Lionheart Investments, Inc.'s Original Answer | 4/8/2009 |
| 6. | Defendant City of DeSoto's Original Answer | 4/10/2009 |

1

# JUDGE'S DOCKET,

Action: Filing: No. ____________

| PARTIES | ATTORNEYS |
|---|---|
| | |

**DC – 09 – 02899**
**Filed: 03/09/2009**

| | |
|---|---|
| OTHER PERSONAL INJURY | 134th District Court |
| FRED MOORE vs. CITY OF DESOTO | |
| Plaintiff<br>MOORE, FRED | Lead Attorney<br>SENTELL, HUTTON |
| Defendant<br>CITY OF DESOTO | Lead Attorney |

10070004357682

Hutton W. Sentell #24026655
3636 Maple Ave
Dallas, TX 75219
214-559-7209
214-520-1550

Mark A. Goodman #08156920
5420 LBJ Frwy., Ste. 1200
Dallas, TX 75240
972-991-0889
972-404-0516

| JURY DEMAND DATE | | | DATE GIVEN | TO | SETTINGS | DATE SET | TIME | DATE GIVEN | TO | SETTINGS | DATE SET | TIME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE PAID BY | VOL. | PAGE | | | | | | | | | | |
| REPORTED HEARING | | | | | | | | | | | | |
| DATE | WIT. | EX. | RPTR | | | | | | | | | |

DISPOSITION
- To fed court ☐
- To another county ☐
- D.W.P. ☐
- Nonsuit ☐
- Default ☐
- Agreed Jgt ☐
- Summary Jgt ☐
- Ex parte Jgt ☐
- Nonjury trial ☐
- Jgt on verdict ☐
- Dir verd or NOV ☐
- Other disposition ☐

JURY ACTIVITY
- Voir dire ________
- Jury sworn ________
- Ev to jury ________
- Mistrial ________
- Hung jury ________
- Dir verd ________
- Verdict ________
- New Trial ________

# 2

Filed
09 March 9 P4:08
Gary Fitzsimmons
District Clerk
Dallas District

CAUSE No. 09-02899

BERNITA JEFFERSON

| | | |
|---|---|---|
| FRED MOORE AND TANYA MOORE, INDIVIDUALLY AND AS NEXT FRIENDS OF AJAH MOORE, A MINOR AND JAYLA MOORE, A MINOR; AND KARMEN SHAVER, INDIVIDUALLY AND AS NEXT FRIEND OF AREANA COLBERT, A MINOR<br>Plaintiffs, | § | IN THE DISTRICT COURT |
| VS. | § | G-134th JUDICIAL DISTRICT |
| CITY OF DESOTO, ERIN BLUST, STEVE THOMAS, JOHN BATTLE, DUSTIN MUNN, ROBERT PENWARDEN, WARREN TILLMAN,AND LIONHEART INVESTMENTS GROUP, INC. D/B/A PAPA JOHN'S PIZZA #1823.<br>Defendants. | § | DALLAS COUNTY TEXAS |

**PLAINTIFFS' ORIGINAL PETITION WITH DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Fred Moore and Tanya Moore, Individually and as Next Friend of Ajah Moore and Jayla Moore, Minors (hereinafter sometimes referred to as "**Moore**"), and Karmen Shaver, Individually and as next Friend of Areana Colbert, (hereinafter sometimes referred to as "**Shaver and Colbert**") complaining of City of DeSoto (hereinafter sometimes referred to as "**DeSoto**"), Erin Blust (hereinafter sometimes referred to as "**Blust**"), John Battle (hereinafter sometimes referred to as "**Battle**"), Dustin Munn (hereinafter sometimes referred to as "**Munn**"), Robert Penwarden (hereinafter sometimes referred to as "**Penwarden**"), Warren Tillman (hereinafter sometimes referred to as "**Tillman**"), Steve Thomas (hereinafter sometimes referred to as "**Thomas**"), and LionHeart Investments Group, Inc. d/b/a Papa John's Pizza #1823, (hereinafter

sometimes referred to as "**Papa Johns**" or "**Papa John's Pizza Company**"), and hereinafter referred to collectively as Defendants, and for cause of action would show the Court the following:

## I.
## ***PARTIES***

1. Plaintiffs, Fred Moore and Tanya Moore, Individually and as Next Friend of Ajah Moore and Jayla Moore, Minors, are individuals residing in Dallas County, Texas and were residents of DeSoto at the time of the incidents made the basis of this suit.

2. Plaintiffs, Karmen Shaver, Individually and as next Friend of Areana Colbert are individuals residing in Dallas County, Texas and were residents of DeSoto at the time of the incidents made the basis of this suit..

3. Defendant, **City of DeSoto**, is and at all relevant times was a municipality incorporated under the laws of the State of Texas, and may be served by private process by delivery of citation to Laura Hallmark, City Secretary, 211 East Pleasant Run Road, DeSoto, TX 75115.

4. Defendant, **Steve Thomas**, is an individual residing in Dallas County, Texas and may be served by private process by delivery of citation at his place of business, DeSoto Police Department, 714 E. Beltline Road, DeSoto, TX 75115.

5. Defendant, **Erin Blust**, is an individual residing in Dallas County, Texas and may be served by private process by delivery of citation at his place of business, DeSoto Police Department, 714 E. Beltline Road, DeSoto, TX 75115.

6. Defendant, **Warren Tillman**, is an individual residing in Dallas County, Texas and may be served by private process by delivery of citation at his place of business, DeSoto Police Department, 714 E. Beltline Road, DeSoto, TX 75115.

7. Defendant, **John Battle**, is an individual residing in Dallas County, Texas and may be served by private process by delivery of citation at his place of business, DeSoto Police Department, 714 E. Beltline Road, DeSoto, TX 75115.

8. Defendant, **Dustin Munn**, is an individual residing in Dallas County, Texas and may be served by private process by delivery of citation at his place of business, DeSoto Police Department, 714 E. Beltline Road, DeSoto, TX 75115.

b Cit atty

9. Defendant, **Robert Penwarden**, is an individual residing in Dallas County, Texas and may be served by private process by delivery of citation at his place of business, DeSoto Police Department, 714 E. Beltline Road, DeSoto, TX 75115.

10. Defendant, **LionHeart Investments Group, Inc. d/b/a Papa John's Pizza #1823,** is a Texas corporation whose principal place of business is at 417 Fountainside Dr., Euless, Texas 76039-4329, and whose registered agent for service of process is **Han Nam Cho**, whom may be served with process at 2709 Martin Dr. #1022, Bedford, Texas 76021.

11. This Court has jurisdiction over the subject matter of this lawsuit because Plaintiffs seeks damages as a result of alleged violations of state common law and federal statutes.

## II.
## *FACTS*

12. On March 11, 2008 at 1109 Angie Lane in DeSoto, Dallas, County, Texas Mr. Moore and his daughters, Aja and Jala, along with another minor female, Areana Colbert, were assaulted and illegally detained by members of the DeSoto Police Department under the guise that they were Papa John's Pizza Company employees.

13. More specifically, on Tuesday, March 11, 2008 about 3:30 P.M, Fred Moore called Papa Johns Pizza #1823, 106 S. Cockrell, DeSoto, Texas 75115 to order a pizza for his daughters and niece. Mr. Moore was already in the Papa Johns "system" from his old address. When Mr. Moore ordered the pizza, he informed Papa Johns that he just moved into this house over the weekend and that the new address was 1109 Angie Lane. Papa Johns then took Mr. Moore's bank card number, and told Mr. Moore that the purchase was approved. Mr. Moore was then told to have his drivers' license and the credit card ready so the delivery driver could verify them upon delivery.

14. Approximately one hour later, members of the DeSoto Police Department, under the guise that they were Papa John's Pizza Company employees, burst into Mr. Moore's home, threw him to the ground and pointed weapons at his daughters and the other minor female. He and his daughters were then unlawfully detained.

15. Mr. Moore was given no opportunity to identify himself, nor was he given any explanation as to why this illegal invasion of privacy, assault and illegal detention were occurring. Following the immediate incidents of invasion and assault, officers admitted to Mr.

Moore that he in no way resembled the person they allegedly sought, yet they continued to detain Plaintiffs against their will.

16. Upon the initial invasion, the officers ran into the residence and toward a bathroom after the minor children with their guns drawn. The officers then kicked the door open before the kids could close it. Mr. Moore witnessed the kids screaming and crying for him. The officers then pulled the children out of the bathroom.

17. Officer Steve Smith told Mr. Moore that Papa Johns had reported fraudulent credit card charges from this address, and had called them regarding Mr. Moore's order; however the "suspect" they were looking for was a skinny man with one eye who in no way resembled Mr. Moore. The total amount of charges for the pizza ordered by Mr. Moore totaled $21.10.

18. Much, if not most of the unlawful detention occurred outside the residence, and in plain view of neighbors and community members.

**III.**
***Causes of Action***

***False Imprisonment/Unlawful Detention***

19. On March 11, 2008, Defendants Thompson, Blust, Battle, Munn, Penwarden, Tillman, the City of DeSoto (by and through their designated agents and officials), and Papa Johns (through their agents and representatives) both individually and collectively, committed or caused to be committed conduct that constituted false imprisonment/unlawful detention inasmuch as the DeSoto police officer Defendants maliciously and/or negligently attempted to institute an unlawful arrest of Mr. Moore, his daughters and niece without probable cause, and which was objectively unreasonable.

20. Such conduct by Defendants portrays a malicious intent to cause and inflict severe distress on Plaintiffs by making the false imprisonment/unlawful detention which resulted in damage to Plaintiffs, and acted to deprive them of their constitutional rights as guaranteed by the United States Constitution.

***Assault***

21. On March 11, 2008, Defendants Thomas, Blust, Battle, Munn, Penwarden, Tillman and other employees/officers of The City of DeSoto Police Department, both individually and collectively by the actions described in the preceding paragraph, did intentionally or knowingly cause

unauthorized, offensive physical contact with Mr. Moore, his daughters and niece when they knew or should have known that the contact was offensive and unreasonable. Defendants were in the course of scope of their employment with The City of DeSoto Police Department when they committed the unauthorized contact with Plaintiffs. This conduct was the proximate cause of Plaintiffs' injuries and damages. Furthermore, the continued conduct of Defendants was malicious, willful, and reckless.

***Intentional Infliction of Emotional Distress***

22. The conduct as described in paragraphs 13-15 constitutes intentional infliction of emotional distress. Defendants intentionally or recklessly acted to deprive Plaintiffs of their dignity, with such activities being as outrageous as to exceed all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in civilized society.

23. As a direct and proximate result of Defendants' conduct, Plaintiffs have been and will suffered shame and humiliation, embarrassment, mental pain and suffering in the past, and likely will continue to suffer in the future.

***Defamation***

24. Defendant dissemination of false, malicious, and defamatory actions and innuendos constitute actionable defamation, and serves as a defamatory statement. The statement constitutes slander per se in that it imputes that Plaintiffs had committed a crime, when in fact they had not. The innuendo of these actions acted to defame the character of Plaintiffs. As a direct and proximate result of Defendants' conduct, Plaintiffs are and will continually be injured in their name and character in the community and may be exposed to the contempt and ridicule of the community. Plaintiffs have and will continue to suffer shame and humiliation, embarrassment, and mental pain and suffering, both past and future.

25. Defendants Thomas, Blust, Battle, Munn, Penwarden, and Tillman, are not entitled to immunity because all of the actions set forth in this pleading violate the clearly established statutory and constitutional rights of Plaintiffs, of which it would be clear to a reasonable officer that their conduct was unlawful under the circumstances.

26. Defendant City of DeSoto adopted a policy, practice or custom of intentionally disregarding the rights of individuals such as Plaintiffs by failing to follow established procedures for warrants, detentions and arrests such as this.

***Civil Rights***

27. As described above, the actions of Defendants invaded Plaintiff's right to not have their integrity violated by the actions of those whose charge it was to uphold the law. At all times Defendants were state actors performing these acts against Plaintiffs under the color of state law. Such actions were in violation of 42 U.S.C. §1983 which allows Plaintiffs to recover from a state actor for violation of their civil rights.

***Pendent State Claims***

28. All causes of action listed above are individual causes and should also be incorporated into the allegations concerning violation of Plaintiff's constitutional rights under §1983.

## IV.
## *Causes of Action-Papa Johns*

***False Imprisonment/Unlawful Detention***

29. On March 11, 2008, Defendant Papa Johns (through their agents and representatives) both individually and collectively, committed or caused to be committed conduct that constituted false imprisonment/unlawful detention inasmuch as their negligence/gross negligence in the form of acts or omissions proximately caused, in whole or in part, DeSoto police officer Defendants to maliciously and/or negligently attempted to institute an unlawful arrest of Mr. Moore, his daughters and niece without probable cause, and which was objectively unreasonable.

30. Such conduct by Defendant portrays a malicious intent to cause and inflict severe distress on Plaintiffs by causing the false imprisonment/unlawful detention which resulted in damage to Plaintiffs.

***Assault***

31. On March 11, 2008 Defendant Papa Johns (through their agents and representatives) both individually and collectively, committed or caused to be committed conduct that constituted assault inasmuch as their negligence/gross negligence in the form of acts or omissions proximately caused, in whole or in part, DeSoto police officers to intentionally or knowingly cause unauthorized, offensive physical contact with Mr. Moore, his daughters and niece when they knew or should have known that the contact was offensive and unreasonable. This conduct was a proximate cause of

Plaintiffs' injuries and damages. Furthermore, the continued conduct of Defendant was malicious, willful, and reckless.

***Intentional Infliction of Emotional Distress***

32. The conduct as described in paragraphs 13-15 constitutes intentional infliction of emotional distress. Defendant intentionally or recklessly acted to deprive Plaintiffs of their dignity, with such activities being as outrageous as to exceed all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in civilized society.

33. As a direct and proximate result of Defendant's conduct, Plaintiffs have been and will suffered shame and humiliation, embarrassment, mental pain and suffering in the past, and likely will continue to suffer in the future.

***Defamation***

34. Defendant Papa Johns acts and omissions caused dissemination of false, malicious, and defamatory actions and innuendos against Plaintiffs which constitutes actionable defamation, and serves as a defamatory statement. The statement constitutes slander per se in that it imputes that Plaintiffs had committed a crime, when in fact they had not. The innuendo of these actions acted to defame the character of Plaintiffs. As a direct and proximate result of Defendants' conduct, Plaintiffs are and will continually be injured in their name and character in the community and may be exposed to the contempt and ridicule of the community. Plaintiffs have and will continue to suffer shame and humiliation, embarrassment, and mental pain and suffering, both past and future.

***Bystander Claim***

35. Mr. Moore, insofar as he witnessed the unlawful assault and detention of his daughters and guest, and Ajah Moore and Jayla Moore, insofar as they witnessed the unlawful assault and detention of their father, each make a claim for damages associated with the anguish and trauma of witnessing these events.

## V.
## ***Damages***

36. As a result of Defendants' collective conduct described in this petition, Plaintiffs have suffered, and will continue to suffer in the future from humiliation, embarrassment, and mental

anguish. Further, as a proximate result of Defendant's actions as described in this petition, Plaintiffs have sustained financial losses resulting from the arrest for which they now sue.

***Exemplary Damages***

37. The acts of Defendants Thompson, Blust, Battle, Munn, Penwarden, Tillman, and Papa Johns as described in paragraphs 13-15, resulted from more than momentary thoughtlessness, inadvertence, or error of judgment, but rather resulted from that entire want of care which establishes that Defendants' acts or omissions were the result of actual conscious indifference to the rights and welfare of Plaintiffs, or alternatively, to the extent Defendants' acts are malicious, that is specifically intended by Defendants to cause substantial injury to Plaintiffs or done with a flagrant disregard for the rights of Plaintiffs and with actual awareness that their acts or omissions involved an extreme degree of risk that the acts and omissions would result in the harm claimed by them. Accordingly, Plaintiffs are entitled to a jury instruction regarding exemplary damages.

38. Furthermore, as a result of Defendants' conduct described in this petition, Plaintiffs have incurred attorney's fees related to the false imprisonment/assault/unlawful detention, as well as the prosecution of the civil causes of action alleged herein which are reasonable and necessary. Those fees include all attorney fees for any appeal of this case, including but not limited to interlocutory or post judgment appellate fees. Fees are sought pursuant to 42 U.S.C. §1988.

## VI.
***Discovery Request***

39. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2 (a) through (l).

## VII.
***Jury Demand***

40. Plaintiff requests that this case be decided by a jury as allowed by FRCP 38, 39. Plaintiff has paid the appropriate jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Fred Moore and Tanya Moore, Individually and as Next Friend of Ajah Moore and Jayla Moore, Minors, and Karmen Shaver, Individually and as next Friend of Areana Colbert respectfully pray that Defendants be cited to appear and answer herein and upon final trial, recover from and against Defendants jointly and severally for the following:

1. Actual damages in an amount within the minimum jurisdictional limits of the Court;
2. Prejudgment and post judgment interest at the maximum rates allowed by law;
3. Punitive damages;
4. Attorney's fees;
5. All costs of suit; and
6. Such other and further relief to which the Court may deem just.

Respectfully submitted,

LAW OFFICES OF PAUL G. VICK
FINANCIAL CENTER NORTHWEST
6243 IH 10 West, Suite 860
San Antonio, Texas 78201
(210)-735-1794
(210)-733-7510 FAX

Law Offices of Joseph E. Ashmore, P.C.
3636 Maple Avenue
Dallas, Texas 75219
214-559-7202
214-520-1550 fax
ATTORNEYS FOR PLAINTIFFS

By: Hutton W. Sentell
Paul G. Vick, Esq.
SBN: 20563950
Hutton W. Sentell, Esq.
SBN: 24026655

*Law Offices of*
**Joseph E. Ashmore, Jr. P.C.**

*Attorneys ~ Counselors and Litigators:*

Joseph E. Ashmore, Jr.
Gary M. Ashmore
Lori Ashmore Peters
Hutton W. Sentell*
Andy Nikolopoulos
Sheppard Sands

*Also Admitted in LA

3636 Maple Avenue
Dallas, Texas 75219-3908
214-559-7202
Fax 214-520-1550

Patti Patak
*Office Manager*

FILED MAR 9 2009 GARY FITZSIMMONS DIST. CLERK, DALLAS CO., TEXAS DEPUTY

G-134th

March 9, 2009

**VIA EFILE**
Mr. Gary Fitzsimmons, District Clerk
George Allen Sr. Courts Building
600 Commerce Street, Suite 103
Dallas, Texas 75202

Re: *Fred Moore and Tanya Moore, Individually and as Next Friends of Ajah Moore, a Minor, and Jayla Moore, a Minor, and Karmen Shaver, Individually and as Next Friend of Areana Colbert, a Minor vs. City of DeSoto, Erin Blust, Steve Thomas, John Battle, Dustin Munn, Robert Penwarden, Warren Tillman, and Lionheart Investments Group, Inc. d/b/a Papa John's Pizza #1823*

Dear Mr. Fitzsimmons:

The following is being submitted to the Court for filing in accordance with your customary procedures for accepting filings submitted electronically:

1) Plaintiffs' Original Petition with Discovery.

Upon your receipt and filing of this Original Petition, please have the process desk issue citations for the eight (8) Defendants. ***Please note that we will be personally delivering the copies of this petition which are to be attached to the Defendants' citations to the Court's Civil Process Desk tomorrow. We will also pickup the Citations for service once same are ready.***

Thank you for your assistance with this matter. Please do not hesitate to contact me should you have any questions or comments regarding this filing.

Sincerely,

Jessica H. Bigley

Jessica H. Bigley
Legal Assistant to Hutton W. Sentell

GARY FITZSIMMONS, DIST. CLERK

[redacted] District Clerk
600 Commerce Street
Dallas, TX 75202

# Electronic Filing

(214) 653-6315

FILED
APR 8 2009
GARY FITZSIMMONS
DIST. CLERK, DALLAS CO., TEXAS
DEPUTY

FROM:

FIRM: David Goodman + M... CUSTOMER ID # 2099

ATTORNEY: Mark Goodman BAR CARD:# 08156920

REPRESENTING : ___ PLAINTIFF/PETITONER X DEFENDANT/RESPONDENT ___ OTHER

DESCRIPTION OF DOCUMENT:

NUMBER OF PAGES (INCLUDING TRANSMITTAL FORM): 5

TITLE OF DOCUMENT: A Lionheart Investments Group, Inc. d/b/a Papa John's Pizza #1523's Original Answer

CAUSE NUMBER (If Previously Filed): DC-09-02899-G FILE DATE (If Previously Filed) ____

CLIENT/MATTER 3600.420

STYLE: Fred Moore, et al. v. City of DeSoto, et al.

IF FILING A NEW SUIT, SPECIFY TYPE: ____

SERVICE REQUEST:

___ I REQUEST SERVICE (COMPLETE THIS SECTION) ___ NO SERVICE IS REQUESTED

ISSUE TO: ____ REGISTERED AGENT (IF APPLICABLE) ____

SERVICE ADDRESS ____

City State Zip

TYPE OF SERVICE REQUESTED: ____

ADDITIONAL REQUESTS FOR SERVICE ATTACHED (____) PAGES

PLEASE SPECIFY ONE OF THE FOLLOWING FOR THE COMPLETED SERVICE PAPERS:

___ FORWARD TO DALLAS COUNTY CONSTABLE

___ HOLD FOR PICK UP BY ____

ADDITIONAL INSTRUCTIONS

DAVID GOODMAN & MADOLE
ATTORNEYS AND COUNSELORS
DG&M

FILED
APR 8 2009
GARY FITZSIMMONS
DIST. CLERK, DALLAS CO., TEXAS
DEPUTY

April 8, 2009

**Via Fax Filing**

Clerk of the Court
134th Judicial District Court
George Allen Sr. Courts Building
600 Commerce Street
Dallas, Texas 75202

RE: Cause No. DC-09-02899-G;
Fred Moore, et al. v. City of Desoto, et al.
File No. 3600.420

Dear Clerk:

Enclosed please find the original and one copy of *Defendant Lionheart Investments Group, Inc. d/b/a Papa John's Pizza #1823's Original Answer* in the above-referenced matter.

Please file same with the Court and return a file-marked copy of same to the undersigned via facsimile.

By copy of this letter, Plaintiffs' counsel will receive a copy of same via facsimile and certified mail, return receipt requested.

Thank you for your assistance in this matter.

Sincerely,

Mark A. Goodman

MAG/cw
Encls.

cc: Hutton W. Sentell, Esq. (via facsimile & CMRRR, w/encl.)
Paul G. Vick, Esq. (via facsimile & CMRRR, w/encl.)
Ifeyinwa J. Ossai (of the firm)

241105/3600.420

Certified Article Number
7160 3901 9848 2617 9496
SENDERS RECORD

Certified Article Number
7160 3901 9848 2617 9489
SENDERS RECORD

Christopher I. Clark
David G. Crooks
Clinton J. David
Mark A. Goodman
Natalie M. Gray
Barry L. Hardin
Lynn S. Hunt
Kyle W. Johnson
Ty Johnson
Patrick R. Kelly
Daniel J. Madden
Bret A. Madole
Brett L. Myers
Shanna L. Nugent
Ifeyinwa J. Ossai
Robert J. Palmer
Michael S. Rumac
Eric L. Scott
Ajay R. Shah
Marc B. Viscuso
Abby E. Washburn

Two Lincoln Centre
5420 LBJ Freeway
Suite 1200
Dallas, Texas 75240

PH: (972) 991-0889
FX: (972) 404-0516

A Professional Corporation

09-02849

FILED MAR 30 2009 GARY FITZSIMMONS DIST. CLERK DALLAS CO., TEXAS DEPUTY

# DALLAS COUNTY CIVIL DISTRICT COURT COVER SHEET

G-134th

STYLED Fred Moore + Tanya Moore Individually + A/N/F OF Ajah Moore + Jayla Moore, et al. v. City of DeSoto, et al.

This Civil Cover Sheet must be completed, filed and served with every petition. The information should be the best available at the time of filing, understanding that the information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial. Check (✔) all applicable boxes.

| Plaintiff(s) | Defendant(s) (list separately) |
|---|---|
| Plaintiff(s) All Plaintiffs.<br>☐ Pro Se<br>Address<br>Telephone/Fax<br>E-mail | City of DeSoto<br>Steve Thomas<br>Erin Blust |
| ☒ Attorney for Plaintiff(s) Hutton Sentell<br>State Bar No. 24026655<br>Address 3636 Maple Ave, Dallas, TX 75206<br>Telephone/Fax 214/559-7202; FAX: 214/520-1550<br>E-mail hsentell@ashmorelaw.com. | Warren Tillman<br>John Battle<br>Dustin Munn<br>Robert Penwarden<br>LionHeart Investments Group, Inc. d/b/a Papa John's Pizza #1823 |

## PARTIES *MUST* CHECK ONE CASE TYPE AND MAY CHECK ONE SUB-TOPIC

☐ Administrative Appeal
☐ Bill of Review
☐ Certiorari
☐ Code Violations
☐ Condemnation
☐ Construction
☐ Debt/Contract
☐ Defamation
☐ Other Commercial Dispute
- ☐ Antitrust/Unfair Comp
- ☐ Consumer/DTPA
- ☐ Franchise
- ☐ Fraud/Misrep
- ☐ Intellectual Property
- ☐ Non-Competes
- ☐ Partnership
- ☐ Securities/Stock
- ☐ Tortious Interference
- O Other Commercial

☐ Discipline
☐ Discovery
- ☐ Rule 202 Depositions
- ☐ Commissions
- ☐ Subpoena
- ☐ Letters Rogatory
- O Other Discovery

☐ Employment
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- O Other Employment

☐ Foreclosure
- ☐ R 736
- ☐ Other than R 736

☐ Foreign Judgment
☐ Insurance
☐ Mass Tort/MDL/Rule 11
- ☐ Asbestos
- ☐ Baycol
- ☐ Breast Implant
- ☐ Firestone
- ☐ Phen-Fen
- ☐ Silica
- O Other Multi-Party

☐ Motor Vehicle Accident
☒ Other Personal Injury
- ☒ Assault/Battery
- ☐ Product
- ☐ Premises
- ☐ Other Personal Injury

☐ Name Change
☐ Post-Judgment
☐ Professional Liability
- ☐ Accounting
- ☐ Legal
- ☐ Med/Mal
- ☐ Other Prof. Liab.

☐ Property
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass/Try Title
- O Other Property

☐ Prejudgment Remedy
☐ Seizure/Forfeiture
☐ Tax
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Tax Land Bank
- ☐ Tax Personal
- ☐ Tax Real

☐ Workers Comp
☐ Other

ADDITIONAL SUB-TOPICS
- ☐ Attachment
- ☐ Bill of Discovery
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Receiver
- ☐ Sequestration
- ☐ Severance
- ☐ TRO/Injunction
- ☐ Turnover

DISCOVERY LEVEL ☐ Level 1 ☐ Level 2 ☒ Level 3

**Local Rule 1.08 Certification (Must be completed and signed)**

☒ This case is not subject to transfer pursuant to Local Rule 1.07, OR
☐ This case is related to another case filed or disposed of in Dallas County:

Court: ______________ Style: ______________ Case No. ______________

[signature]
Attorney's Signature

3

FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

FILED
2009 MAR 24 PM 12:41
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

**To:**
**CITY OF DESOTO**
**SERVING, LAURA HALLMARK CITY SECRETARY**
**211 EAST PLEASANT RUN ROAD**
**DESOTO, TEXAS 75115**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **FRED MOORE, et al**

Filed in said Court **on this the 9th day of March, 2009** against

**CITY OF DESOTO, ET AL**

For suit, said suit being numbered **DC-09-02899-G** the nature of which demand is as follows: Suit On OTHER PERSONAL INJURY etc. as shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.
WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this **13th day of March, 2009**

ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County, Texas

By ______________________, Deputy
SPRINGE MCKINLEY

DISTRICT COURT OF DALLAS COUNTY, TEXAS

CTH: 3/18 @ 10:40A
**ATTY** DOS: 3/20 @ 9:08A

# CITATION

No.: **DC-09-02899-G**

**FRED MOORE, et al**
**vs.**
**CITY OF DESOTO, et al**

ISSUED
**on this the 13th day of March, 2009**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By **SPRINGE MCKINLEY,** Deputy

Attorney for Plaintiff
**HUTTON SENTELL**
**3636 MAPLE AVENUE**
**DALLAS TX 75219**
**214-559-7202**

DALLAS COUNTY CONSTABLE
FEES PAID FEES NOT PAID

**CAUSE NO. DC09-02899-G**

| | | |
|---|---|---|
| **FRED MOORE, et al**<br>*Plaintiff* | } | **IN THE DISTRICT COURT** |
| | } | |
| **Vs.** | } | **134th JUDICIAL DISTRICT** |
| | } | |
| **CITY OF DESOTO, et al**<br>*Defendant* | } | **DALLAS COUNTY, TEXAS** |

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day personally appeared, ***Ira L. Henson,*** who after being duly sworn, did upon oath state the following:

"My name is ***Ira L. Henson,*** and I am over the age of (18)eighteen years." "I am not a party to, nor interested in the outcome of this cause of action." "I am an authorized private process server, by and through the Texas Supreme Court." (ID #605) "I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct."

On the 18th day of March 2009 at 10:40am Citation/Petition issued to ***City of Desoto, Laura Hallmark, City Secretary*** Came to Hand.

On the 20th day of March 2009 at 9:08am Citation/Petition was delivered to ***Laura Hallmark, Secretary for the City of Desoto, at 211 E. Pleasant Run Rd., Desoto, TX 75115.***

**FURTHER AFFIANT SAYETH NOT**

Ira L. Henson, Affiant
Private Process Server/TCPS #605

**SWORN TO AND SUBSCRIBED** to by the said ***Ira L. Henson***, before me this 24th day of March 2009 to certify which witness my hand and seal of office.

NOTARY, STATE OF TEXAS

(SEAL)

PAM HENSON
Notary Public, State of Texas
My Commission Expires 04-12-09

# 4

4

**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

FILED
2009 MAR 24 PM 12:41
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

**To: LIONHEART INVESTMENTS GROUP, INC., D/B/A PAPA JOHN'S PIZZA #1823**
**REGISTERED AGENT, HAN NAM CHO**
**2709 MARTIN DR., #1022**
**BEDFORD, TEXAS 76021**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **FRED MOORE, et al**

Filed in said Court **on this the 9th day of March, 2009** against

**CITY OF DESOTO, ET AL**

For suit, said suit being numbered **DC-09-02899-G** the nature of which demand is as follows: Suit On OTHER PERSONAL INJURY etc. as shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.
WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this **13th day of March, 2009**

ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County, Texas

By ______________________, Deputy
**SPRINGE MCKINLEY**

DISTRICT COURT OF DALLAS COUNTY TEXAS

(469)767-1065

CTH 3/18 @ 10:40a

**ATTY** DOS: 3/23 @ 7:47P

# CITATION

No.: **DC-09-02899-G**

**FRED MOORE, et al**
**vs.**
**CITY OF DESOTO, et al**

ISSUED
**on this the 13th day of March, 2009**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By **SPRINGE MCKINLEY,** Deputy

Attorney for Plaintiff
**HUTTON SENTELL**
**3636 MAPLE AVENUE**
**DALLAS TX 75219**
**214-559-7202**

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

**CAUSE NO. DC09-02899-G**

| | | |
|---|---|---|
| **FRED MOORE, et al**<br>*Plaintiff* | } | **IN THE DISTRICT COURT** |
| **Vs.** | } | **134th JUDICIAL DISTRICT** |
| **CITY OF DESOTO, et al**<br>*Defendant* | } | **DALLAS COUNTY, TEXAS** |

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day personally appeared, ***Ira L. Henson,*** who after being duly sworn, did upon oath state the following:

"My name is ***Ira L. Henson,*** and I am over the age of (18)eighteen years." "I am not a party to, nor interested in the outcome of this cause of action." "I am an authorized private process server, by and through the Texas Supreme Court." (ID #605) "I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct."

On the 18th day of March 2009 at 10:40am Citation/Petition issued to ***Lionheart Investments Group, Inc., d/b/a Papa John's Pizza #1823 Han Nam Cho/Registered Agent*** Came to Hand.

On the 23rd day of March 2009 at 7:47pm Citation/Petition was delivered to ***Han Nam Cho/Registered Agent for Lionheart Investments Group, Inc., d/b/a Papa John's Pizza #1823*** at 417 Fountainside Dr., Euless, TX 76039.

**FURTHER AFFIANT SAYETH NOT**

Ira L. Henson, Affiant
Private Process Server/TCPS #605

**SWORN TO AND SUBSCRIBED** to by the said ***Ira L. Henson***, before me this 24TH day of March 2009 to certify which witness my hand and seal of office.

NOTARY, STATE OF TEXAS

(SEAL) PAM HENSON
Notary Public, State of Texas
My Commission Expires 04-12-09

5

FILED
APR 8 2009
GARY FITZSIMMONS
DIST. CLERK DALLAS CO., TEXAS
DEPUTY

CAUSE NO. DC-09-02899-G

| | | |
|---|---|---|
| FRED MOORE AND TANYA MOORE, INDIVIDUALY AND AS NEXT FRIENDS OF AJAH MOORE, A MINOR AND JAYLA MOORE, A MINOR; AND KARMEN SHAVER, INDIVIDUALLY AND AS NEXT FRIEND OF AREANA COLBERT, A MINOR<br>Plaintiffs, | § | IN THE DISTRICT COURT<br><br>134TH JUDICIAL DISTRICT |
| V. | § | |
| CITY OF DESOTO, ERIN BLUST, STEVE THOMAS, JOHN BATTLE, DUSTIN MUNN, ROBERT PENWARDEN, WARREN TILLMAN, AND LIONHEART INVESTMENTS GROUP, INC., D/B/A PAPA JOHN'S PIZZA #1823<br>Defendants. | § | DALLAS COUNTY, TEXAS |

**DEFENDANT LIONHEART INVESTMENTS GROUP, INC. D/B/A PAPA JOHN'S PIZZA #1823's ORIGINAL ANSWER**

COMES NOW, Defendant, LionHeart Investments Group, Inc. d/b/a Papa John's Pizza #1823 (herein "Defendant") and files this its Original Answer to Plaintiffs' Original Petition and would respectfully show the Court the following:

I.

**GENERAL DENIAL**

Defendant generally denies, each and every, all and singular, the material allegations contained in Plaintiffs' Original Petition and demands strict proof thereof at the time of trial.

II.

**AFFIRMATIVE DEFENSES**

In addition, Defendant further asserts the following affirmative defenses:

a. The alleged defamatory statements, if any, are protected by absolute privilege.

b. The alleged defamatory statements, if any, are protected by qualified privilege.

c. The alleged defamatory statements, if any, are/were truthful.

III.

**PRAYER FOR RELIEF**

WHEREFORE PREMISES CONSIDERED, Defendant, LionHeart Investments Group, Inc. d/b/a Papa John's Pizza #1823 prays that Plaintiffs' Original Petition be dismissed with prejudice, that the relief requested by the Plaintiffs be denied, and that all costs be taxed against Plaintiffs. Additionally, Defendant prays for such other and further relief, either at law or in equity, special or general, to which it may be deemed justly entitled.

Respectfully submitted,

**DAVID, GOODMAN & MADOLE,**
A Professional Corporation

By: ____________________
Mark A. Goodman
State Bar No. 08156920
Ifeyinwa J. Ossai
State Bar No. 24062929
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
972/991-0889
972/404-0516 Telecopier

**ATTORNEYS FOR DEFENDANT LIONHEART INVESTMENTS GROUP, INC. D/B/A PAPA JOHN'S PIZZA #1823**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8 day of April, 2009, a true and correct copy of the foregoing document was served via facsimile & certified mail, return receipt requested on the following counsel of record:

Hutton W. Sentell, Esq.
Law Offices of Joseph E. Ashmore, P.C.
3636 Maple Avenue
Dallas, Texas 75219

Paul G. Vick, Esq.
Law Offices of Paul G. Vick
Financial Center Northwest
6243 IH 10 West, Ste. 860
San Antonio, Texas 78201

____________________
Mark A. Goodman

6



Cause No. 09-02899

FILED
09 APR 10 PM 3:03
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
______ DEPUTY

| | | |
|---|---|---|
| **FRED MOORE AND TANYA MOORE, INDIVIDUALLY AND AS NEXT FRIENDS OF AJAH MOORE, A MINOR AND JAYLA MOORE, A MINOR; AND KARMEN SHAVER, INDIVIDUALLY AND AS NEXT FRIEND OF AREANA COLBERT, A MINOR<br>Plaintiffs,** | § | **IN THE DISTRICT COURT** |
| **Vs.** | § | **134TH JUDICIAL DISTRICT** |
| **CITY OF DESOTO, ERIN BLUST, STEVE THOMAS, JOHN BATTLE, DUSTIN MUNN, ROBERT PENWARDEN, WARREN TILLMAN, AND LIONHEART INVESTMENTS GROUP, INC. D/B/A PAPA JOHN'S PIZZA # 1823** | § | **DALLAS COUNTY, TEXAS** |

**DEFENDANT CITY OF DESOTO'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant City of DeSoto and files this, its Original Answer in response to Plaintiff's Original Petition ("Petition"), and respectfully plead as follows:

**GENERAL DENIAL**

I.

Defendant invokes the provisions of Rule 92, Texas Rules of Civil Procedure, and does thereby exercise its legal right to require Plaintiffs to prove all of the allegations contained in their pleadings by a preponderance of the evidence, if they can so prove them, which is denied, and, accordingly, Defendant denies each and every, all and singular, the allegations contained in Plaintiffs' pleadings and demand strict proof thereof.

ORIGINAL

**AFFIRMATIVE DEFENSES**

II.

Defendant affirmatively pleads that probable cause existed for the actions taken by Defendant and its employees about which Plaintiffs complain.

III.

Defendant further affirmatively pleads that it is not liable to Plaintiffs under the doctrine of sovereign or governmental immunity, pursuant to Tex.Civ.P.& Rem.C. § 101.001 *et seq.*

IV.

Defendant further affirmatively pleads that the acts complained of by Plaintiffs were not caused by any constitutionally defective official policy or custom of the City of DeSoto.

V.

Defendant further affirmatively pleads that it and/or its employees are entitled to the defense of qualified and/or official immunity as to Plaintiffs' claims, and that on the occasion in question, the City and its employees acted without malice, without an intent to deprive Plaintiffs of any legally protected rights, that the City and its employees acted with a reasonable, good faith belief that their actions were lawful and proper and within and pursuant to the scope of their discretionary authority.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by reason of this suit, and that said Defendant goes hence without day with its costs, and that it be granted such other and further relief, both general and special, to which it may be justly entitled at law or equity.

Respectfully submitted,

WALKER BRIGHT PC
5910 N. Central Expy., Suite 980
Dallas, Texas 75206
Telephone: (214) 692-6530
Facsimile: (214) 692-7821

By: ______________________________
GERALD BRIGHT
State Bar No. 02991720
DAVID L. CRAFT
State Bar No. 00790522

**ATTORNEYS FOR DEFENDANT CITY OF DESOTO**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendant City of Desoto's Original Answer has been mailed via certified mail, return receipt requested, to counsel or parties of record as listed below on this the 10th day of April, 2009.

Law Offices of Paul G. Vick
Financial Center Northwest
5243 IH West, Ste. 860
San Antonio, TX 78201
CMRRR# 7007 2560 0002 7943 7951

Hutton W. Sentell
Law Offices of Joseph E. Ashmore, P.C.
3636 Maple Avenue
Dallas, TX 75219
CMRRR# 7007 2560 0002 7943 7968

______________________________
Gerald Bright/David Craft

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

FRED MOORE, et al. (please see attached Exhibit A)

**(b)** County of Residence of First Listed Plaintiff ______
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
See attached Exhibit A

## DEFENDANTS

CITY OF DESOTO, et al.

3-09CV0710-K

County of Residence of First Listed Defendant DALLAS COUNTY
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
See attached Exhibit A

RECEIVED
APR 17 2009
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 U.S.C. 1983, 42 U.S.C. 1988

Brief description of cause:
Plaintiffs allege Defendants violated their Civil Rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 4/17/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

ORIGINAL

**EXHIBIT A**

**FRED MOORE AND TANYA MOORE, INDIVIDUALLY AND AS NEXT FRIENDS OF AJAH MOORE, A MINOR AND JAYLA MOORE, A MINOR; AND KARMEN SHAVER, INDIVIDUALLY AND AS NEXT FRIEND OF AREANA COLBERT, A MINOR**
**Plaintiffs,**

**CITY OF DESOTO, ERIN BLUST, STEVE THOMAS, JOHN BATTLE, DUSTIN MUNN, ROBERT PENWARDEN, WARREN TILLMAN, AND LIONHEART INVESTMENTS GROUP, INC. D/B/A PAPA JOHN'S PIZZA # 1823**
**Defendants.**

Paul G. Vick
Law Offices of Paul G. Vick
Financial Center Northwest
5243 IH West, Ste. 860
San Antonio, TX 78201

Hutton W. Sentell
Law Offices of Joseph E. Ashmore, P.C.
3636 Maple Avenue
Dallas, TX 75219
**Attorneys for Plaintiffs**

Gerald Bright (Attorney-in-charge)
David Craft
Walker Bright, PC
5910 N. Central Expressway, Suite 980
Dallas, Texas 75206
(214) 692-6530
**Attorneys for Defendant City of DeSoto**

Mark A. Goodman
Ifeyinwa J. Ossai
David, Goodman & Madole, P.C.
**Counsel for Defendant Lionheart Investments Group, Inc. d/b/a Papa John's Pizza # 1823**

ORIGINAL

United States District Court
Northern District of Texas

RECEIVED
APR 17 2009
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## Supplemental Civil Cover Sheet For Cases Removed From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

3-09CV0710-K

1. **State Court Information:**

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| Court | Case Number |
|---|---|
| District Court<br>134th Judicial Court<br>Dallas County, Texas | Cause No. 09-02899 |

2. **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| Party and Party Type | Attorney(s) |
|---|---|
| **Plaintiffs,**<br>FRED MOORE AND TANYA MOORE, INDIVIDUALLY AND AS NEXT FRIENDS OF AJAH MOORE, A MINOR AND JAYLA MOORE, A MINOR; AND KARMEN SHAVER, INDIVIDUALLY AND AS NEXT FRIEND OF AREANA COLBERT, A MINOR. | Law Offices of Paul G. Vick<br>Financial Center Northwest<br>5243 IH West, Ste. 860<br>San Antonio, Texas 78201<br>(210) 735-1794<br><br>Hutton W. Sentell<br>Law Offices of Joseph Ashmore<br>3636 Maple Avenue<br>Dallas, Texas 75219<br>(214) 559-7202 |
| **Defendants,**<br>CITY OF DESOTO, ERIN BLUST, STEVE THOMAS, JOHN BATTLE, DUSTIN MUNN, ROBERT PENWARDEN, | Gerald Bright<br>State Bar No. 02991720<br>David Craft |

ORIGINAL

| | |
|---|---|
| And WARREN TILLMAN | State Bar No. 00790522<br>Walker Bright PC<br>5910 N. Central Expy. Suite 980<br>Dallas, Texas 75206<br>(214) 692-6530 |
| LIONHEART INVESTMENTS GROUP, INC.<br>D/B/A PAPA JOHN'S PIZZA # 1823 | Mark A. Goodman<br>Ifeyinwa J. Ossai<br>David, Goodman & Madole, P.C.<br>5420 LBJ Freeway, Suite 1200<br>Dallas, Texas 75240 |

3. **Jury Demand:**

Was a Jury Demand made in State Court? Yes

If "*Yes*," by which party and on what date?

| Party | Date |
|---|---|
| Plaintiff | March 9, 2009 |

4. **Answer:**

Was an Answer made in State Court? Yes

If "*Yes*," by which party and on what date?

| Party | Date |
|---|---|
| Defendant Lionheart Investments Group | April 8, 2009 |
| Defendant City of DeSoto | April 10, 2009 |

5. **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| **Party** | **Reason(s) for No Service** |
|---|---|
| Erin Blust, Steve Thomas, John Battle, Dustin Munn, Robert Penwarden and Warren Tillman | Unknown |

6. **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| **Party** | **Reason** |
|---|---|
| N/A | |

7. **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| **Party** | **Claim(s)** |
|---|---|
| Plaintiffs | 42 U.S.C. 1983 Civil Rights<br>False Imprisonment / Unlawful Detention<br>Assault<br>Intentional Infliction of Emotional Distress<br>Defamation<br>Bystander Claim |