IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRED MOORE and TANYA MOORE, Individually and as Next Friends of AM, a minor, and JM, a minor, et. al, | § § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. |
| v. | § § | 3:09-CV-0710-K |
| THE CITY OF DESOTO, ERIN BLUST, STEVE THOMAS, JOHN BATTLE, DUSTIN MUNN, ROBERT PENWARDEN, WARREN TILLMAN, and LIONHEART INVESTMENTS GROUP, INC. d/b/a PAPA JOHN'S PIZZA # 1823, | § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are: (1) Defendants Erin Blust, Steve Thomas, John Battle, Dustin Munn, Robert Penwarden, Warren Tillman, and the City of DeSoto's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) (Doc. No. 36), filed on December 12, 2009, and (2) Defendants Erin Blust, Steve Thomas, John Battle, Dustin Munn, Robert Penwarden, and Warren Tillman's Second Emergency Motion to Stay or Limit Discovery (Doc. No. 42), filed on December 18, 2009. The Court: (1) **DENIES** Defendants Motion for Judgment on the Pleadings and (2) **GRANTS** the Motion to Stay pending appeal by the individual Defendants opposing

- 1 -

the denial of the motion to dismiss; however, if Defendants do not appeal after thirty (30) days from the date of this Order then the stay is dissolved.

I.      **Factual and Procedural Background**

Plaintiffs Amended Complaint alleges that on March 11, 2008, Fred Moore called Papa Johns Pizza to order a pizza for his daughters and niece. Moore informed Papa Johns that he recently moved and provided his new address and credit card information. Papa Johns told Moore to have his drivers' license and credit card ready for the delivery driver to verify.

Approximately one hour later, Erin Blust, a female DeSoto police officer disguised as a Papa John's delivery person, knocked on Moore's door. She handed Moore the pizzas. He, in turn, handed the pizzas to his daughter while handing Blust his drivers' license and credit card. When Moore turned back around to face Blust, he saw a group DeSoto police officers charging his house (the Amended Complaint is unclear whether or not these officers were wearing police uniforms). At this point Moore attempted to shield Blust, but she pushed him off and helped the other officers force him to the ground to handcuff him. After arresting Moore, the officers then chased Moore's daughters and niece into a bathroom. But, before the children could close the bathroom door the officers kicked the door open. Moore witnessed the children screaming and crying for him as the officers pulled them out of the bathroom. Later, while still handcuffed, Moore was led out to the officers' disguised Papa John's delivery van parked

on the street.  Moore sat on the edge of the van in full view of his neighbors.

According to the Amended Complaint, Officer Steve Smith explained to Moore that Papa Johns had reported fraudulent credit card charges from Moore's address; however, the suspect the officers were looking for was a skinny man with one eye.  The arresting officers conceded to Moore that Moore does not match this physical description.  Nevertheless, Moore remained handcuffed in front of his residence for an undisclosed period of time.

Plaintiffs Fred Moore, Individually and as Next Friend of AM, a minor, and JM, a minor, filed this lawsuit on March 9, 2009, in Texas state court asserting claims under 42 U.S.C. § 1983 for violations of their civil rights, and for false imprisonment/unlawful detention, assault, intentional infliction of emotional distress, and defamation against Defendants.  Defendants removed to this Court based on federal question jurisdiction under 28 U.S.C. § 1331 because the Plaintiffs assert constitutional claims under 42 U.S.C. § 1983.  Subsequently, Defendants moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), asserting that Defendants are entitled to qualified immunity and that Plaintiffs have not properly pled claims arising under 42 U.S.C. § 1983.

## II.   Legal Standard

A Rule 12(c) motion for judgment on the pleadings is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered

by looking to the substance of the pleadings and any judicially noticed facts. *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Wright & Miller, *Federal Practice & Procedure*, § 1367 at 509–10 (1990)). "After the pleadings are closed—but within such time as not to delay the trial—any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The motion should be granted only if there is no issue of material fact and if the pleadings show that the moving party is entitled to prevail as a matter of law. *Greenberg v. Gen. Mills Fin. Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion under Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (Fitzwater, J.) (citing 5A Wright & Miller, *Federal Practice & Procedure*, § 1368 at 591 (Supp. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion.") (footnote omitted)). "In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* at 312–13 (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)).

"While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, quotation marks,

and brackets omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, 127 S. Ct. at 1949, 167 L. Ed. 2d at 884.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*, 127 S. Ct. at 1949, 167 L. Ed. 2d at 884. (citing *Twombly*, 550 U.S. at 557 (brackets omitted)).

III. **Analysis**

As stated earlier, Defendants argue they are entitled to qualified immunity and that Plaintiffs have not properly pled claims under 42 U.S.C. § 1983.  Plaintiffs respond that Defendants actions are not entitled to qualified immunity and that Plaintiffs adequately pled causes of action under 42 U.S.C. § 1983.  The Court agrees with Plaintiffs.

A governmental employee is entitled to assert the affirmative defense of qualified immunity when the employee is sued for a constitutional violation under Section 1983. *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992)(Fitzwater, J.).  Qualified immunity

protects government officials performing discretionary functions from suit and liability for civil damages to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A law is considered to be clearly established when "the contours of a right asserted are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *White*, 959 F.2d at 544. The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341(1986).

In determining whether qualified immunity applies to a public official's actions, the court uses a two step analysis. *Hampton Co. Nat. Sur,. LLC v. Tunica Co., Miss.*, 543 F.3d 221, 224–25 (5th Cir. 2008). First, the court inquires whether, viewing the evidence in the light most favorable to Plaintiff, some evidence exists to support Plaintiff's claim of a constitutional violation. *Id.* at 225. If there is no violation of a constitutional right, the court need inquire no further. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). If there is some evidence, however, the court then inquires "'whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question.'" *Hampton*, 543 F.3d at 225 (quoting *Freeman v. Gore*, 483 F.3d 404, 410–11 (5th Cir. 2007)). The court looks to whether it would be clear to a reasonably competent officer that his actions violated clearly established law at the time of the incident in question. *Id.*

Defendants assert that no constitutional violation occurred because the Fourth Amendment permits a limited protective sweep of the premises in conjunction with an in-home arrest when the searching officer possesses a reasonable belief, based on specific and articulable facts, that the area to be swept could harbor one or more individuals posing a danger to those on the arrest scene. Defendants mistakenly rely on an unpublished opinion: *United States v. Stout*, 339 Fed. Appx. 377 (5th Cir. 2009). In *Stout*, drug paraphernalia evidence was sought to be suppressed that was obtained as a result of a "protective sweep." *Id.* The protective sweep took place after the officers arrested the suspect. *Id.* The present case presents a much different situation. The officers were seeking to arrest Moore for fraudulently using a credit card to purchase pizzas, not drug charges. Also, under any test, a protective sweep does not include chasing three young girls with weapons drawn.

Furthermore, the Fourth Amendment requires probable cause to make an arrest. *Draper v. United States*, 358 U.S. 307, 310–11 (1959). Here, there were no attempts to identify whether Moore was the suspected fraudulent credit card user. Moore had both his drivers' license and credit card available for inspection. Also, the arresting officers conceded that Moore did not resemble the suspect's physical description. As such, the officers did not have probable cause to believe Moore committed any crime. Thus, Plaintiffs have adequately pled constitutional violations.

Even if Defendants' conduct violates Plaintiffs' constitutional rights, Defendants

are entitled to qualified immunity if their conduct was objectively reasonable. *Duckett v. City of City Park, Tex.*, 950 F.2d 272, 280 (5th Cir. 1992). Given Defendants' admission that Moore in no way resembled the suspect, the Court finds that Plaintiffs' allegations—taken as true—show that Defendants' arrest of Moore was not objectively reasonable. Accordingly, the Court denies Defendants' Motion for Judgment on the Pleadings based on qualified immunity

Defendants next argue Plaintiffs have not properly pled claims under 42 U.S.C. § 1983. In an action against a municipality, the plaintiff must show the conduct was pursuant to a custom, policy, or practice that is somehow attributable to municipal decision-makers, and that an affirmative link exits between the policy and the alleged constitutional violation. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

Defendants assert Plaintiffs action fails because Plaintiffs have not properly pled claims under 42 U.S.C. § 1983. Specifically, Defendants allege that Plaintiffs did not sufficiently plead that the City of DeSoto has a policy or custom that caused the constitutional deprivation of Plaintiffs' rights. Plaintiffs, however, pled that the City of DeSoto adopted a policy, practice, or custom of disregarding the rights of individuals by failing to follow established procedures for warrants, detentions, and arrests that led to the present constitutional violations. Thus, Plaintiffs have satisfied the pleading requirements to allege claims arising under 42 U.S.C. § 1983. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 161–168 (1993) (holding

that Rule 8(a)(2) requires that complaint include only "short and plain statement of the claim," and that complaint against municipality that meets this standard is adequate).

## IV.  Conclusion

The Court: (1) **DENIES** Defendants Motion for Judgment on the Pleadings and (2) **GRANTS** the Motion to Stay pending appeal by the individual Defendants opposing the denial of the motion to dismiss; however, if Defendants do not appeal after thirty (30) days from the date of this Order the stay is dissolved.

**SO ORDERED**.

Signed January 21st, 2010.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE