IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRED MOORE, Individually and as Next Friend of AM, a minor, and JM, a minor, et. al, | § § § § | |
| Plaintiffs, | § § | Civil Action No. |
| v. | § § | 3:09-CV-0710-K |
| THE CITY OF DESOTO, et. al, | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are: (1) Defendants the City of DeSoto ("the City") and police officers Erin Blust, Steve Thomas, John Battle, Dustin Munn, Robert Penwarden, Warren Tillman, and lieutenants Gary Perkins and Mike Sharp's (collectively "the DeSoto police officers") Motion for Summary Judgment (Doc. No. 62); (2) Defendant Lionheart Investments Group, Inc.'s, d/b/a Papa John's Pizza #1823, ("Papa John's") Second Motion for Summary Judgment (Doc. No. 65); (3) Defendants the City and the DeSoto police officers' Motion to Strike Plaintiffs' expert Lee Young (Doc. No. 68); (4) the Motion to Strike Plaintiffs' expert Lee Young by Defendant Papa John's (Doc. No. 69); and (5) Plaintiffs' Motion to Strike Defendants' experts Wayne Nero, Gary Perkins, Michael Sharp, and Ron McCarthy (Doc. No. 70).

- 1 -

Because the City, the DeSoto police officers, and Papa John's demonstrate that no genuine issue of material fact exists in regards to any of Plaintiffs' claims, both (1) the City and the DeSoto police officers' Motion for Summary Judgment (Doc. No. 62) and (2) Papa John's Second Motion for Summary Judgment (Doc. No. 65) are **GRANTED** and all of Plaintiffs' claims are **DISMISSED with prejudice**. Defendants the City and the DeSoto police officers' Motion to Strike (Doc. No. 68), the Motion to Strike by Papa John's(Doc. No. 69), and Plaintiffs' Motion to Strike (Doc. No. 70) are all **DENIED as moot.**

I.  **Factual and Procedural Background**

Since late 2007, the DeSoto police department had been investigating credit card fraud being committed by individuals using valid credit card numbers belonging to others without their consent. By March of 2008, Defendant Papa John's, a local pizza franchise, had delivered over $600 worth of pizzas to the house at 1109 Angie Lane paid for with misappropriated credit cards. Officers had responded to 1109 Angie Lane three times in the past six months for aggravated assault, theft, and alleged credit card fraud.

On March 3, 2008, Defendant Thomas and Investigator Byerly questioned Martin Bobb, who identified himself as the owner of the house, at 1109 Angie Lane about the use of stolen credit card numbers. Bobb denied any involvement and explained he was moving back into the home after recently kicking out a tenant.

On March 11, 2008, Thomas received a call about a credit card which was fraudulently ordered in the complainant's name and addressed to the house at 1109 Angie Lane. Shortly thereafter, Thomas heard a call through dispatch reporting a possible fraud in progress involving the Papa John's restaurant. The delivery address was 1109 Angie Lane and the person ordering the pizza had his first credit card declined. Thomas informed his supervisors, Defendants Munn, Sharp, and Perkins, of the situation. The three decided to attempt a "controlled delivery" of the pizza. This meant that an officer would dress in a Papa John's delivery uniform and catch the suspect in the act of using the credit card without the owner's consent. The DeSoto police department had employed this technique several times in the past. As a precaution based on the recent response to 1109 Angie Lane for aggravated assault, six other officers were assigned to the controlled delivery team.

Defendant Blust was selected to dress as a Papa John's employee and deliver the order. When Blust arrived, Plaintiff Fred Moore opened the front door. Once Moore opened the door, the other officers in the controlled delivery team began approaching the house. Moore grabbed Blust upon seeing the other officers. Moore claims this was with the intention of protecting her from these unidentified men. Moore was then handcuffed by Blust and Defendant Tillman as the other officers began a protective sweep of the house. During the sweep, Defendant Sharp found three children in a bathroom. The children were escorted to the house's office and then the living room to

- 3 -

watch television while the other officers questioned Moore. The officers concluded that Moore had moved into 1109 Angie Lane several days before and was not involved in any credit card fraud. Moore was not taken to jail. A walk-through of the home was conducted to verify that no damage had been done. The incident, from the time the officers arrived with the pizza order until they left, lasted 20–30 minutes.

The City and the DeSoto police officers' Motion for Summary Judgment was filed July 30, 2010, followed shortly thereafter by the Second Motion for Summary Judgment from Papa John's on August 2, 2010. All three Motions to Strike experts were filed on August 20, 2010.

## II. Legal Standard

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *U.S. Philips Corp. v. Iwasaki Elec. Co.*, 505 F.3d 1371, 1374 (Fed. Cir. 2007). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322–25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon the allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the

existence of a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986).

In considering whether genuine issues of material fact exist, the court must determine whether a reasonable jury could return a verdict for the nonmoving party in the face of all evidence presented. *Id.* at 249. All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

### III.  Analysis

Plaintiffs assert (1) claims for assault, false imprisonment, intentional infliction of emotional distress (IIED), defamation, and for violations of their civil rights against the City and the DeSoto police officers and (2) claims for false imprisonment, assault, IIED, defamation, and bystander liability against Papa John's. Each will be considered in turn.

#### A.  Claims the City and the DeSoto police officers

The first five claims Plaintiffs assert against the City and the DeSoto police officers are Texas state law claims. The Court is exercising supplemental jurisdiction over these claims because they arise out of the same common nucleus of operative fact as Plaintiffs' federal cause of action under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1367(a) (2009). This Court will apply Texas state substantive law to the state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725–27 (1966).

1. **Assault**

An assault occurs when a person intentionally, knowingly, or recklessly causes bodily injury to another. *DeLeon v. Hernandez*, 814 S.W.2d 531, 533 (Tex. App.—Houston [14th Dist.] 1991, no writ). A police officer is privileged to use reasonably necessary force when making an arrest. *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575 (Tex. 2001).

The officers who separated Moore from Blust and took Moore to the ground used reasonably necessary force based on their knowledge at the time of the incident: (1) on September 21, 2007, the police responded to 1109 Angie Lane to investigate an alleged aggravated assault that involved a hand gun and (2) Moore had grabbed Officer Blust as the other officers approached the house. Moore has stated he suffered no physical injuries during the arrest.

Plaintiffs produced some evidence that officers pushed open a bathroom door of the residence and pointed weapons at several of the plaintiffs during the protective sweep. *See* Pl. Appx. in Resp. to Def. Mot. for Summ. Judg., Exhibit 5 at 18–20 and Exhibit 6 at 26–28. Defendants, however, have produced an uncontroverted affidavit from Defendant Sharp that these actions were reasonably necessary to secure the house for both the officers and other occupants, and were standard operating procedure for effecting protective sweeps incident to arrest. *See* Def. App. to Mot. for Summ. Judg.,

Exhibit 4 at ¶¶ 14–21. The minor plaintiffs were then escorted to the living room to wait until the other officers finished questioning Moore. *See* Pl. Appx. in Resp. to Def. Mot. for Summ. Judg., Exhibit 5 at 20–23.

Given these considerations, the officers only used reasonably necessary force while making their arrest. Therefore, Moore's claim for assault is without merit.

### 2. False imprisonment

False imprisonment involves the direct restraint of the physical liberty of another without authority of law. *Lozano v. Tex-Paint, Inc.*, 606 S.W.2d 40, 43 (Tex. Civ. App.—Tyler 1980, no writ). Authority of law may be met by a showing of probable cause for the arrest. *Wal-Mart Stores, Inc. v. Odem*, 929 S.W.2d 513, 519 (Tex. App.—San Antonio 1996, writ denied). Probable cause to arrest someone exists when an officer has knowledge that would warrant a prudent person to believe that a crime has been committed or is being committed. *Ducket v. City of Cedar Park*, 950 F.2d 272, 278 (5th Cir. 1992).

Moore was arrested by DeSoto police officers. The officers had probable cause to arrest Moore based on their experiences with the residents of 1109 Angie Lane in the past and because Moore grabbed Officer Blust. Therefore, Moore was not falsely imprisoned because he was held under authority of law.

3. **IIED**

The elements of intentional infliction of emotional distress in Texas are: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). "Extreme and outrageous" means conduct that goes beyond the bounds of decency, is atrocious, and is utterly intolerable in a civilized community. *Kroger Tex. P'ship Ltd. v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). "Severe emotional distress" means mental anguish so severe that no reasonable person could be expected to endure it. *Stokes v. Puckett*, 972 S.W.2d 921, 924 (Tex. App.—Beaumont 1998, pet. denied).

Moore has alleged that the officers "rushed" the house, tackled and handcuffed him, searched the house with weapons drawn, and placed him handcuffed in his front yard in view of his neighbors. The minor plaintiffs allege that the officers kicked open the bathroom door, entered with weapons drawn, and then transported the minors to the living room to await the end of the sweep and the investigation. Assuming all of that is true, it does not rise to the level of "extreme and outrageous" behavior, such that it is utterly intolerable in a civilized community.

4. **Defamation**

A defamation action in Texas for a private individual consists of: (1) publishing a statement; (2) that was defamatory of the plaintiff; (3) the statement was false; (4) the

defendant acting negligently; and (5) the plaintiff suffered damages as a result of the statement. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

Plaintiffs do not allege that either the City or the DeSoto police officers uttered a defamatory *verbal* statement. This claim is based entirely on the act of handcuffing Moore and placing him within view of his neighbors. This Court has found no authority under Texas law that holds actions can be considered statements for the purposes of a defamation claim. That aside, Plaintiffs have not shown that the officers were negligent in arresting Moore considering all that they knew at the time of the arrest. Therefore, Moore's claim for defamation has no merit.

### 5. § 1983 claims

It is prohibited to, under color of law, deprive a person of rights guaranteed under the Constitution or laws of the United States. 42 U.S.C. § 1983 (2009). Section 1983 is not a source of substantive rights; it merely provides an avenue to assert rights already in existence. *Albright v. Oliver*, 510 U.S. 266 (1994). To establish a *prima facie* case under § 1983, a plaintiff must prove that (1) the action occurred under color of law and (2) that the action is a deprivation of a federal constitutional or statutory rights. *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003).

#### a. Action occurred under color of law?

There is no dispute that Moore has met this requirement in his claims against the City and the officers. Action under color of law is present when a plaintiff asserts a

claim against a city because the city itself was created pursuant to state law. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). State employment is normally enough to qualify someone as a state actor. *West v. Atkins*, 487 U.S. 42, 49–50 (1988).

### b. Deprivation of a federal right?

Plaintiffs request that their state law claims be incorporated into their § 1983 cause of action. To the extent the Court can construe these state law causes of action in terms of constitutional protections, it will do so.

Moore claims that the DeSoto police officers' actions violated his Fourth Amendment rights to be free from unreasonable searches, seizures, and excessive force when they arrested him and searched his home without probable cause and defamed him in violation of his Fourteenth Amendment rights.

### c. Defense of qualified immunity

This Court will assume, without deciding, that Moore and the other plaintiffs were deprived of a federal right. Even if a plaintiff can establish a *prima facie* case under § 1983, a defense of qualified immunity shields public officials from civil liability if the official does not violate constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995). This means a public official, like a police officer, is not liable if a reasonable official would have believed the actions to be lawful in light of clearly established law and the information the officer possessed. *Gibson*, 44 F.3d at 277. Once

qualified immunity has been asserted, the burden is on the plaintiffs to overcome it. *Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir. 1994).

### i. Search and seizure

Probable cause to arrest someone exists when an officer has knowledge that would warrant a prudent person to believe that a crime has been committed or is being committed. *Ducket,* 950 F.2d at 278. A warrantless protective sweep incident to arrest of a building or home is allowed to protect officers. *United States v. Mata*, 517 F.3d 279, 285 (5th Cir. 2008). This includes areas outside the immediate vicinity of the arrest if articulable facts plus rational inferences cause reasonable officers to suspect other dangerous individuals may be present. *Id*.

Here, probable cause existed to arrest Moore because he grabbed Officer Blust as the other police officers approached the house. The other officers were not aware of Moore's intentions and understandably restrained Moore given the response to an aggravated assault call six months earlier at the residence.

The protective sweep of the residence was conducted incident to Moore's arrest. A cursory visual inspection of places where people may be hiding is allowed even if the arrest occurs outside the home. *United States v. Maldonado*, 472 F.3d 388, 393 (5th Cir. 2006). The sweep of the house was conducted for the safety of Moore and the officers and it was carried out in a reasonable manner. No windows were smashed or doors broken down. Probable cause existed for the search of the house; therefore, a reasonable

official would have found that the DeSoto police officers' actions were lawful in light of clearly established law.

### ii. Excessive force

The Fourth Amendment prohibits law enforcement officers from using excessive force when arresting an individual. *See Gutierrez v. City of San Antonio*, 139 F.3d 441, 446 (5th Cir. 1994). To prove that officers used excessive force, the plaintiff must show: (1) that he or she sustained more than a de minimis injury; (2) which resulted directly and only from the use of such force; and (3) the excessiveness was objectionably unreasonable. *Hudson v. McMillan*, 503 U.S. 1, 9 (1992).

Moore has stated he did not suffer any physical injuries. When deposed, one of the minor plaintiffs stated her thumb was caught in the bathroom door as she was trying to close it on Defendant Sharp. *See* Pl. Appx. in Resp. to Def. Mot. for Summ. Judg., Exhibit 5 at 23. The minor plaintiff did not go to a hospital or see a physician about the injury. In fact, she said her thumb was "just red" and she "put ice on it." *Id*. The Court finds that this is a de minimis injury and, even if it's not de minimis, that the force used was not objectively unreasonable.

### iii. Defamation

Damage to reputation by a state actor is not a denial of a constitutional right. *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). Damage to reputation coupled with the infringement of another interest is actionable under § 1983. *Id.*

Plaintiffs have not proved damage to reputation. In addition, Plaintiffs have not shown that another constitutional right has been infringed. Therefore, no actionable claim for defamation exists through the conduit of § 1983 just as there was no actionable claim for defamation as a stand-alone claim.

6.  **Claims against the City**

In order to establish liability against a municipality under 42 U.S.C. § 1983, Plaintiffs must prove: (1) a policy, practice or custom of the municipality that (2) caused a constitutional deprivation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). A policy-maker is required, which distinguishes violations of individual municipal employees from violations by the municipality itself. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). "Actual or constructive knowledge of a custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority." *Id*. at 579.

Initially, the claim against the City fails because Plaintiffs have failed to prove that they were deprived of federal rights. Even if this Court had found that federal rights were violated, Plaintiffs have offered no evidence that a policy-maker had actual or constructive knowledge of the alleged custom or practice of controlled deliveries. The only policy-maker identified by Plaintiffs is DeSoto Police Chief William Brodnax. There is no evidence that Chief Brodnax knew about the alleged custom, controlled deliveries, prior to this incident. Plaintiffs can only allege actions taken by Chief

Brodnax after the incident at 1109 Angie Lane, and without directing the Court to any supporting evidence.

B.  **Claims against Papa John's**

As an initial matter, the Second Motion for Summary Judgment by Papa John's is properly before the Court. The first Motion for Summary Judgment by Papa John's was denied without prejudice and Papa John's was instructed to file another one after the close of discovery if it so chose. There has been no violation on Local Rule 56.2, prohibiting multiple motions for summary judgment.

1.  **False imprisonment**

Moore does not allege that any Papa John's employees participated in the incident at 1109 Angie Lane. Therefore, Moore must establish that Papa John's is liable for false imprisonment without participation. It is possible to be liable for false imprisonment if the defendant clearly directed or requested the arrest, even if the defendant did not participate in the detention. *See Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 507 (Tex. 2002). A private citizen who simply reports a crime and identifies a suspect has not directed or requested an arrest and cannot be held liable for subsequent false imprisonment. *Id*. (citing *Tex. Midland R.R. v. Dean*, 98 Tex. 517, 521–22, 85 S.W. 1135, 1137 (1898)).

Here, Papa John's simply reported a suspicious activity and identified a suspect. Plaintiffs claim that Papa John's "instructed" the DeSoto police department to carry out

the controlled delivery. *See* Pl. App. to Resp. to Sec. Mot. for Summ. Judg., Exhibit G at 52. Papa John's did not direct the DeSoto police department to arrest Moore. Therefore, Plaintiffs' claim for false imprisonment against Papa John's fails as a matter of law.

2. **Assault**

As with the false imprisonment claim, Moore must allege a theory that holds Papa John's liable for assault without committing the assault. "Anyone who commands, directs, advises, encourages, procures, controls, aids, or abets a wrongful act by another, is regarded by the law as being just as responsible for the wrongful act as the one who actually committed it." *Stein v. Meachum*, 748 S.W.2d 516, 519–20 (Tex. App.—Dallas 1988, no writ).

The extent of Papa John's involvement on March 11, 2008 was to report the suspicious activity, to request that the police department investigate, and to supply the DeSoto police department with a uniform and a delivery sign when requested. Papa John's did not participate in planning the "controlled delivery" nor was it even aware of the DeSoto police officers' plans once the suspect at the door signed the credit card receipt. Therefore, Plaintiffs' claim for assault against Papa John's has no merit.

3. **IIED**

Moore's IIED claim against Papa John's fails for the same reasons it does against the City and the DeSoto police officers: Papa John's conduct was not "extreme and

outrageous." *Kroger Tex. P'ship*, 216 S.W.3d at 796. The only actions taken by Papa John's were: (1) to report a potential crime in progress after it had a credit card declined from an address that stole $600 worth of pizza in the past six months and (2) to cooperate with the DeSoto police when officers requested supplies to carry out an investigation. Neither rises to the level of extreme and outrageous conduct.

    4.    **Defamation**

As detailed above, Moore must meet all five requirements of a defamation claim to recover. *See WFAA-TV*, 978 S.W.2d at 571. Texas law requires that Papa John's must have acted negligently when it made its statement to the police regarding Moore's possible fraudulent activity to establish liability. Papa John's did not act negligently; it had over $600 worth of pizza ordered from 1109 Angie Lane on stolen credit card numbers and the first card Moore used over the phone on March 11, 2008 was declined. It was reasonable for Papa John's to make its statements to the DeSoto police given the circumstances.

    5.    **Bystander liability**

A bystander cause of action consists of a plaintiff claiming mental anguish that resulted from the plaintiff witnessing the death or serious injury to a close relative. *Estate of Barrera v. Rosamond Village Ltd. P'ship*, 983 S.W.2d 795, 799 n. 1 (Tex. App.—Houston [1st Dist.] 1998, no pet.). To prove a bystander claim, a plaintiff must show: (1) that he or she was located near the accident; (2) that the shock resulted from

a direct emotional impact of witnessing the accident as opposed to learning of it later; and (3) that the plaintiff and the direct victim were closely related. *Id.* "[B]efore a bystander may recover, he or she must establish that the defendant has negligently inflicted serious or fatal injuries on the primary victim." *Edinburg Hosp. Auth. v. Trevino*, 941 S.W.2d 76, 79 (1997).

Moore has said that he didn't suffer any physical injuries at all. The only evidence concerning any injuries is a bruised thumb of one of the minor plaintiffs. There has been no evidence presented that anyone witnessed the injuries and suffered severe emotional shock from the experience. There is also no evidence that Papa John's was negligent, that it breached a duty imposed by law. Moore's claim of bystander liability against Papa John's fails as a matter of law.

6.  **Negligence**

It is public policy in the state of Texas to encourage people to report crimes. *Smith v. Snead*, 938 S.W.2d 181, 184 (Tex. App.—Austin 1997, no writ). "Private persons who aid in the enforcement of the law should be given an effective protection against the prejudice that is likely to arise from the termination of prosecution in favor of the accused." *Id*. (citing *Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 290 (Tex. 1994)). In furtherance of this policy, an individual cannot recover for being wrongfully accused absent ill will. *Id*.

a direct emotional impact of witnessing the accident as opposed to learning of it later; and (3) that the plaintiff and the direct victim were closely related. *Id.* "[B]efore a bystander may recover, he or she must establish that the defendant has negligently inflicted serious or fatal injuries on the primary victim." *Edinburg Hosp. Auth. v. Trevino*, 941 S.W.2d 76, 79 (1997).

Moore has said that he didn't suffer any physical injuries at all. The only evidence concerning any injuries is a bruised thumb of one of the minor plaintiffs. There has been no evidence presented that anyone witnessed the injuries and suffered severe emotional shock from the experience. There is also no evidence that Papa John's was negligent, that it breached a duty imposed by law. Moore's claim of bystander liability against Papa John's fails as a matter of law.

6.  **Negligence**

It is public policy in the state of Texas to encourage people to report crimes. *Smith v. Snead*, 938 S.W.2d 181, 184 (Tex. App.—Austin 1997, no writ). "Private persons who aid in the enforcement of the law should be given an effective protection against the prejudice that is likely to arise from the termination of prosecution in favor of the accused." *Id*. (citing *Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 290 (Tex. 1994)). In furtherance of this policy, an individual cannot recover for being wrongfully accused absent ill will. *Id*.

Here, Plaintiffs are asserting that Papa John's was negligent when it reported a possible fraud-in-progress to the DeSoto police department. Plaintiffs have produced no evidence that Papa John's acted in bad faith when it reported the possible crime. Therefore, Plaintiffs' claim for negligence is without merit.

C.   Motions to Strike Experts

The Court reached its conclusions on the two motions for summary judgment without consulting or relying upon any evidence produced by experts for either the Plaintiffs or the Defendants. Accordingly, all three motions to strike experts are **DENIED as moot**.

IV.   Conclusion

Because no genuine issues of material fact remain on any of the Plaintiffs' claims, the City and the DeSoto police officers' Motion for Summary Judgment and the Second Motion for Summary Judgment filed by Papa John's are **GRANTED** and all of Plaintiffs' claims are **DISMISSED with prejudice**. All three Motions to Strike are **DENIED as moot**.

SO ORDERED

Signed September 29th, 2010.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE